

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

MICHELLE HUDGINS,                    §
      Plaintiff,                  §
                                  §
vs.                                  §    Civil Action No. 1:18-1468-MGL-KDW
                                  §
PRUITTHEALTH, INC. and               §
PRUITTHEALTH-NORTH AUGUSTA, LLC,     §
      Defendants.                 §
                                  §

---

**ORDER ADOPTING THE REPORT AND RECOMMENDATION AND
DENYING DEFENDANTS' MOTION TO DISMISS**

---

This is an action for employment discrimination based on a disability in alleged violation

of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. (ADA), as amended by the ADA

Amendments Act of 2008, effective January 1, 2009, 42 U.S.C. §§12102, *et seq*. The Court has

jurisdiction of this matter pursuant to 28 U.S.C. § 1331. This matter is before the Court for review

of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to

the Court Defendants' PruittHealth, Inc. and PruittHealth-North Augusta, LLC (collectively

PruittHealth) motion to dismiss be denied. The Report was made in accordance with 28 U.S.C. §

636(b) and Local Civil Rule 73.02(B)(2) for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight. The responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 31, 2018, ECF No. 9, and PruittHealth filed its objections on September 14, 2018, ECF No. 10. Plaintiff Michelle Hudgins (Hudgins) filed a reply to PruittHealth's objections on September 28, 2018, in which she insists the Court should adopt the Report. ECF No. 12. The Court has carefully reviewed PruittHealth's objections but holds them to be meritless.

PruittHealth sets forth four separate but related objections to the Report. Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). As provided above, however, the Court need not—and will not—address any of PruittHealth's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

PruittHealth's first and second objections parallel arguments they made in their original motion to dismiss and reply memorandum in support, which were discussed in detail and rejected by the Magistrate Judge. *Compare* ECF No. 5, at 6-8 with ECF No. 10 at 6-12 (Objection No. 1) and ECF No. 5 at 8-12 with ECF No. 10 at 12-14 (Objection No. 2). This Court declines to give PruittHealth a proverbial "second bite at the apple." Simply put, this Court concurs with the

Magistrate Judge's thorough analysis of these issues, and therefore declines to further address these objections.

PruittHealth next objects the Magistrate Judge erred in determining the equities favor the Hudgins. PruittHealth asserts Hudgins failed to submit her signed and verified Form 5 Charge until more than 300 days after her termination. PruittHealth's argument, however, ignores the fact the Equal Employment Opportunity Commission (EEOC) neglected to provide Hudgins with a proposed Form 5 for her consideration and signing until after the 300 day deadline passed.

PruittHealth asserts the case upon which the Magistrate Judge and Hudgins rely is inapplicable because, although the charge was sent to the plaintiff in that case after the deadline, the charge also contained material mistakes that PruittHealth asserts distinguish the holding from the present case. This Court disagrees with PruittHealth's position. The fact Hudgins failed to receive the proposed Form 5 Charge until after her 300 day deadline passed tips the equities in her favor. Therefore, PruittHealth's third objection will be overruled.

PruittHealth's final objection is the Magistrate Judge erred in failing to consider two cases PruittHealth argues are applicable to the present case. This Court has reviewed the cases PruittHealth cites, and holds they are inapposite. Therefore, this Court will also overrule PruittHealth's fourth objection.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules PruittHealth's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court PruittHealth's motion to dismiss is **DENIED** and this case shall remain with the Magistrate Judge.

**IT IS SO ORDERED.**

Signed this 31st day of October 2018 in Columbia, South Carolina.


s/Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE